UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                          CRIMINAL NO. 3:21-CR-17-DPJ-LGI

JOSHUA DRUID BRYAN AND
REGAN EMILY BRYAN

ORDER

Defendant Joshua Druid Bryan has filed two motions in limine [110, 111] in this criminal case; Co-Defendant Regan Emily Bryan joins in those motions. *See* Mot. [116]; Nov. 16, 2023, Text-Only Order. As explained below, both motions in limine are denied.

I.   Facts and Procedural History

Defendants are charged in a three-count superseding indictment for their alleged participation in a murder-for-hire plot. For about a month in late 2020, agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives listened in real time to, and recorded, an extensive number of telephone calls and in-person meetings between Defendants and an informant. The Government had the recordings transcribed and provided Defendants with copies of the recordings and transcripts in discovery.

II.  Standard

Prohibitive motions in limine

> prohibit[ ] opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quoting Robert T. Hyde, Jr., Commentary, *The Motion in Limine: Pretrial Trump Card in Civil Litigation*, 27 U. Fla. L. Rev. 531, 531 (1975)). An order granting a motion in limine does not preclude the losing party from

revisiting the issue at trial, outside the jury's presence.  *See El-Bawab v. Jackson State Univ.*, No. 3:15-CV-733-DPJ-FKB, 2018 WL 3715836, at *2 n.1 (S.D. Miss. Aug. 3, 2018).

III.     Motion to Exclude Opinion Testimony [110]

Defendant "anticipates that the Government will attempt to elicit through its witnesses opinions about what the recorded words or phrases might 'mean'" and "will attempt to elicit an opinion from a Government witness as to what activity is occurring in a specific video recording."  Mot. [110] ¶ 1.  He argues that "[i]t would invade the province of the Jury for a witness to attempt to express an[] opinion or give an interpretation of words or phrases recorded and played for the jury to hear" or "for a witness who was not present to give an opinion or an interpretation as to what a person was doing in a video recording."  *Id.* ¶ 2.

As the Government notes, the Federal Rules of Evidence distinguish between lay opinions under Rule 701 and expert opinions under Rule 702.  "[L]ay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'"  *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (quoting Fed. R. Evid. 701 advisory committee notes to 2000 amendments).

The Fifth Circuit "has consistently held that law enforcement agents may 'draw upon their familiarity with a particular case . . . to provide lay opinion testimony regarding the meaning of specific words and terms used by the particular defendants in the case.'"  *United States v. Hill*, 63 F.4th 335, 356 (5th Cir. 2023) (quoting *United States v. Staggers*, 961 F.3d 745, 761 (5th Cir. 2020)).  But if the testimony is based on the witness's expertise in criminal conduct generally, then the codeword-type testimony comes under Rule 702.  *Staggers*, 961 F.3d at 761 (holding that "[m]uch of the codeword testimony given by Agent Morris concerned the words

used by members of the conspiracy that he investigated, not drug dealers generally, so it was a proper subject for lay opinion testimony"); *see also Yanez Sosa*, 513 F.3d at 200 (noting that codeword-type testimony based on investigation falls under Rule 701).

In short, some codeword testimony falls under Rule 701 and some falls under Rule 702. But here, there is no way to know which rule applies because Defendant never identifies the specific testimony he anticipates.  "[T]he Court will not grant such a vague request."  *Willis v. City of Hattiesburg*, No. 2:14-CV-89-KS-MTP, 2016 WL 6769191, at *5 (S.D. Miss. Nov. 15, 2016) (denying non-specific motion in limine).  That said, the Government's response demonstrates that it knows the line between lay and expert opinions from law-enforcement witnesses.  If the testimony crosses that line, Defendants can make a contemporaneous objection. There is currently no indication that a contemporaneous objection would be insufficient to avoid the prejudice motions in limine are designed to avoid.

III.     Motion to Exclude Transcripts [111]

In his second motion, Defendant seeks to exclude transcripts the Government had prepared of audio-recorded communications, arguing that "[t]he introduction of a government sanctioned transcript injects a third person's opinion of what was said in violation of the Federal Rules of Evidence."  Mot. [111] ¶ 3.

Defendant acknowledges but attempts to distinguish *United States v. Onori*, 535 F.2d 938, 947 (5th Cir. 1976).  That case

> established a procedure for accommodating the potential for variance in adversaries' transcripts.  Initially, the district court and the parties should make an effort to produce an "official" or "stipulated" transcript, one which satisfies all sides.  If such an "official" transcript cannot be produced, then each side should produce its own version of a transcript or its own version of the disputed portions. In addition, each side may put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version.  Since the jury must always reconcile the discrepancies in the transcript(s) against the recording itself,

3

> the district court need not listen to the tape or decide whether a transcript is
> accurate before the transcript is given to the jury and the recording is played.

*United States v. Wilson*, 578 F.2d 67, 69–70 (5th Cir. 1978) (citations omitted).

Defendant says this case is different because "we have various stenographers transcribing the same conversations from different recording devices." Mot. [111] ¶ 4. That may be factually true, but it does not materially distinguish *Onori*, and Defendant offers no legal authority suggesting otherwise. If anything, having additional recordings and transcripts will allow the jury to cross-reference when determining what was said and make a more accurate fact finding. The Court will follow *Onori* and give an appropriate limiting instruction.

There is another problem too. Defendant has not identified which transcripts (or portions of them) are disputed. While he says the Government produced hundreds of hours of recordings and related transcripts, the Government indicated at the pretrial conference that it would use only a subset. So, there is no way to tell whether this issue exists as to what the Government intends to use. And without knowing that, the Court cannot say that the risk of unfair prejudice or confusion substantially outweighs the probative value. Fed. R. Evid. 403.

For this reason, and to avoid delay at trial, the Court instructed the Government to expeditiously produce the recordings and transcripts it intended to introduce at trial. The Government initially tried to produce everything on November 17 but later informed the Court that it would be produced by November 20. This should give Defendants an opportunity to consider whether to stipulate to the transcripts or produce competing transcripts or evidence.

Finally, Defendant says that admitting the transcripts would violate the best-evidence rule. Mot. [111] ¶ 4. That rule provides that when proving the content of a material writing or recording, "the original document must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent, or unless secondary evidence is

4

otherwise permitted by rule or statute." *United States v. Chaney*, 299 F. App'x 447, 455 (5th Cir. 2008) (quoting Kenneth S. Broun, et al., *McCormick on Evidence* 87 (6th ed. 2006)).  But "[w]hen the original tape is available and presented to the jury and the accuracy of the transcript has been stipulated or is made an issue for the jury to decide, concerns addressed by the best evidence rule are not at issue." *Id.* (quoting *United States v. Holton*, 116 F.3d 1536, 1545 (D.C. Cir. 1997)).

IV.     Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Joshua Druid Bryan's motions in limine [110, 111] are denied.

**SO ORDERED AND ADJUDGED** this the 21st day of November, 2023.

                                          s/ *Daniel P. Jordan III*
                                          CHIEF UNITED STATES DISTRICT JUDGE