UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                                                                        CRIMINAL NO. 3:21-CR-17-DPJ-LGI

JOSHUA DRUID BRYAN AND
REGAN EMILY BRYAN

ORDER

On November 29, 2023, the Government learned that Defendants intend to offer all video recordings produced in discovery. It therefore filed a motion in limine arguing that Defendants' out-of-court statements constitute inadmissible hearsay and that Federal Rule of Evidence 106 does not permit admission of each entire recording. After that motion was filed, counsel for Joshua Bryan informed the Courtroom Deputy that he intended to offer everything, would respond, and that copies of the recordings would be delivered today.

Because this case is set for trial on Monday, the Court will take the unusual step of addressing the motion before receiving the responses. It does so to provide guidance when Defendants respond and to avoid further delay. If Defendants disagree with anything stated in this Order, they are encouraged to address it in their responses.

Starting with Federal Rule of Evidence 106, the amended version—which takes effect today—states: "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Notably, the amended rule

> "does not give a green light of admissibility to all excised portions of statements. It does not change the basic rule, which applies only to the narrow circumstances in which a party has created a misimpression about the statement, and the adverse

> party proffers a statement that in fact corrects the misimpression. The mere fact that a statement is probative and contradicts a statement offered by the opponent is not enough to justify completion under Rule 106.

Fed. R. Evid. 106 cmt.

Thus, the amendment does not change Fifth Circuit law that "[n]either the Constitution nor Rule 106 . . . requires the admission of the entire statement once any portion is admitted in a criminal prosecution." *United States v. Herman*, 997 F.3d 251, 263 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 787 (2022) (quoting *United States v. Branch*, 91 F.3d 699, 729 (5th Cir. 1996)). Along these same lines, "Rule 106 permits a party to correct an incomplete and misleading impression created by the introduction of part of a writing or recorded statement[, but] it does not permit a party to introduce writings or recorded statements to affirmatively advance their own, alternative theory of the case." *Id.* (citing *Branch*, 91 F.3d at 731); *see also Branch*, 91 F.3d at 728 ("We do not doubt the exculpatory nature of the excluded statement, but that does not require its admission under Rule 106.") (citing *United States v. Smith*, 794 F.2d 1333, 1335 (8th Cir.), *cert. denied*, 479 U.S. 938 (1986)).

The Court points this out because it seems that Defendants want to introduce every recording in its entirety and have said they will deliver all recordings to the Court for review. Perhaps the Court is mistaken, but if that is the intent, it is not the Court's duty to review hours of video searching for statements that might satisfy Rule 106. Instead, defendants hoping to utilize Rule 106 must "demonstrate with particularity the unfairness in the selective admission of [their] . . . statement[s]." *Herman*, 997 F.3d at 263 (citing *Branch*, 91 F.3d at 729). In other words, Defendants must identify the specific statements they wish to introduce and explain with particularity why each satisfies Rule 106. Both *Herman* and *Branch* offer good examples of this

procedure, as the Fifth Circuit in both cases reviewed discrete statements the defendants unsuccessfully tried to offer at trial under Rule 106. Defendants should follow that format.

As a final note, the amended rule may affect the Government's motion if the Government meant to suggest that evidence satisfying Rule 106 can be excluded as inadmissible hearsay.

**SO ORDERED AND ADJUDGED** this the 1st day of December, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE